**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 20-cv-02843-CMA-SKC

BARBARA JO EDWARDS,

    Petitioner,

v.

MARK EDWARDS,

    Respondent.

## ORDER GRANTING PETITIONER'S MOTION TO REMAND

This matter is before the Court on Petitioner Barbara Jo Edwards' Motion to Remand and for Award of Fees and Costs Pursuant to 28 U.S.C. § 1447(c), and Request for Expedited or Forthwith Relief ("Motion to Remand"). (Doc. # 6.) For the reasons that follow, Petitioner's Motion is granted and this matter is remanded to the Jefferson County District Court.

### I.    BACKGROUND

Petitioner, Barbara Jo Edwards, initiated this action in state court on April 5, 2018, by filing a Petition for Dissolution of Marriage Without Children Pursuant to C.R.S. 14-10-106. *See* (Doc. # 1 at 1). The parties have litigated their divorce in state court for over two years.

On January 25, 2019, Respondent, Mark Edwards, filed an interlocutory appeal of an order issued by the state district court with the Colorado Court of Appeals. On

February 1, 2019, the state district court issued an Order Vacating Contempt Hearing Set for February 5, 2019. Said order stated, in relevant part, that "[u]pon receipt of the Mandate from the Court of Appeals, the Court will issue further Orders as necessary." On March 12, 2020, the Colorado Court of Appeals resolved Respondent's appeal in favor of Petitioner. On June 22, 2020, Respondent timely petitioned the Colorado Supreme Court for a Writ of Certiorari.

On August 19, 2020, the state district court issued "Minute Orders" resulting from a Contempt Hearing on that date, in which the court denied Respondent's Motion to Stay and continued the contempt citation against Respondent until the Dissolution of Marriage Permanent Orders hearing, which was set for October 1, 2020. Respondent indicates that the October 1, 2020 hearing will concern "the punishment that should be meted out in reference to [his] alleged contempt for the entirety of the years which have transpired since the Temporary Orders were issued . . . ." (*Id.* at 5.) On September 14, 2020, the Colorado Supreme Court denied Certiorari.

Respondent filed a Notice of Removal on September 18, 2020. (Doc. # 1.) Therein, Respondent argues that the state district court violated its own stay by issuing its August 19, 2020 Minute Orders before the mandate from the Colorado Court of Appeals came down and, in so doing, violated Respondent's due process rights under the Fourteenth Amendment. Further, he argues that the state district court lacked jurisdiction to enter the August 19, 2020 Minute Orders because there was an appeal pending before the Colorado Supreme Court at the time. Respondent asserts that the purpose of this removal action "is to seek, from the United States District Court, [a

2

declaratory judgment] that . . . [the state district court's] August 19, 2020 Order is null and void ab initio; moreover, that, consequently, further proceeding by virtue of said Order violates the Due Process Clause of the 14th Amendment to the United States Constitution." (*Id.* at 5.)

Petitioner filed her Motion to Remand on September 30, 2020. (Doc. # 6.) Therein, Petitioner moves the Court to remand this action and award Petitioner attorneys' fees and costs. Respondent filed his Opposition on October 23, 2020. (Doc. # 23-1.) Petitioner filed a Reply on October 30, 2020. (Doc. # 26.)

## II.     LEGAL STANDARDS

A defendant may remove a state civil action to federal court if the federal district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. A case "arises under" federal law within the meaning of § 1331 if a well-pleaded complaint establishes either that federal law creates the cause of action or that a plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law embedded in the plaintiff's state-law claims. *Empire Healthchoice Assur., Inc. v. McVeigh,* 547 U.S. 677, 688–90 (2006).

To determine whether federal-question jurisdiction exists over state-law claims that implicate significant federal issues, "the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prod., Inc. v. Darue*

*Eng'g & Mfg.*, 545 U.S. 308, 314 (2005); see also *Maroney v. Univ. Interscholastic League,* 764 F.2d 403, 405 (5th Cir. 1985) (cited approvingly by *Haik v. Salt Lake Cty. Bd. of Health*, 604 F. App'x 659, 662 (10th Cir. 2015)) ("Jurisdiction purporting to be premised on the presence of a federal question attaches only if the complaint itself states a substantial federal claim. Thus, we must dismiss for want of jurisdiction if the federal claim presented is frivolous or is foreclosed by prior authoritative decisions." (citations omitted)). "A constitutional claim in this context is not colorable if it is immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial or frivolous." *Harline v. DEA,* 148 F.3d 1199, 1203 (10th Cir. 1998) (ellipsis and internal quotation marks omitted).

"The party invoking federal jurisdiction has the burden to establish that it is proper, and there is a presumption against its existence." *Salzer v. SSM Health Care of Okla. Inc.,* 762 F.3d 1130, 1134 (10th Cir. 2014). "Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which [a federal] statute has defined." *Victory Carriers, Inc. v. Law*, 404 U.S. 202, 212 (1971). Accordingly, removal statutes are construed strictly and any doubts about the correctness of removal are resolved in favor of remand. *Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941)). To that end, the federal court must "resolve any doubts in favor of the [p]laintiff and against the exercise of federal jurisdiction." *Torres v. Am. Fam. Mut. Ins. Co.,* No. 07-cv-1330-MSK-MJW, 2008 WL 762278, at *3 (D. Colo.

4

Mar. 19, 2008). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005).

### III.  DISCUSSION

In her Motion to Remand, Petitioner argues that this action must be remanded for three independent reasons: (1) Respondent has failed to show a substantial federal question is at issue; (2) Respondent's Notice of Removal, filed over two years after the initiation of this action, is untimely; and (3) Respondent has waived any right to remove this action by fully litigating it in state court for years. Herein, the Court determines that Respondent has failed to establish federal-question jurisdiction over this action and finds that Plaintiff is entitled to attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c). Accordingly, the Court need not reach Petitioner's alternative arguments concerning timeliness and waiver.

### A.  FEDERAL-QUESTION JURISDICTION

Respondent asserts that this case is removable on the basis of federal-question jurisdiction. Respondent has not cited, and this Court does not know of, any authority conferring federal subject matter jurisdiction over this divorce proceeding.[1]

---

[1] Each case cited by Respondent is inapposite. *See, e.g.*, (Doc. # 1 at 8 (citing *Ankenbrandt v. Richards*, 504 U.S. 689, 692 (1992), in which the status of the domestic relationship between the parties had previously been determined as a matter of state law and had "no bearing on the underling torts alleged" for sexual and physical abuse of children; then citing *Obergefell v. Hodges*, 576 U.S. 644 (2015), which involved suits against state officials challenging the constitutionality of state statutes under the Fourteenth Amendment)).

5

The Petition for Dissolution of Marriage that initiated this case does not arise under federal law; nor does it "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prod., Inc.*, 545 U.S. at 314 (2005). First, Petitioner's right to relief does not necessarily depend on resolution of the due process concern raised by Respondent. *See Empire Healthchoice Assur., Inc.,* 547 U.S. at 688–90 (explaining a case "arises under" federal law within the meaning of § 1331 if a well-pleaded complaint establishes either that federal law creates the cause of action or that a plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law embedded in the plaintiff's state-law claims). Further, courts in this Circuit have held that divorce cases implicate important state interests. *See Thompson v. Romeo*, 728 F. App'x 796, 798 (10th Cir. 2018) (explaining "[t]he whole subject of domestic relations of [marriage], parent and child, belongs to the laws of the States and not the laws of the United States." (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 692 (1992))). This well-founded principle indicates that this Court may not entertain this case without disturbing any congressionally approved balance of federal and state judicial responsibilities.

Moreover, Respondent's contention that a state trial court order violated his due process rights does not raise a federal question under the well-pleaded complaint rule because it is effectively a response to the Petition for Dissolution of Marriage; it is not an element of the Petition itself. *See Maroney,* 764 F.2d at 405 ("Jurisdiction purporting to be premised on the presence of a federal question attaches **only if the complaint itself**

6

states a substantial federal claim." (emphasis added)); *cf. Smith v. Tisdale*, No. 3:09-CV-1165-D, 2009 WL 3163541, at *3 (N.D. Tex. Sept. 30, 2009) (citing *Chi. & A.R. Co. v. Wiggins Ferry Co.,* 108 U.S. 18, 22 (1883)) (granting motion to remand where alleged violation of Full Faith and Credit Clause by a state court was effectively a response to the child-custody petition and, therefore, did not raise a federal question). The August 19, 2020 Minute Orders cannot form the basis of federal-question jurisdiction.

Finally, federal district courts are courts of **original** jurisdiction. They are not appellate courts. With the exception of habeas corpus, the only vehicle for federal court review of state court decisions is through the United States Supreme Court. Respondent's attempt to raise a federal due process claim to effectively seek review of a state trial court order is without merit. As such, Respondent has failed to establish that federal jurisdiction is proper, and remand of this case is necessary. *Salzer,* 762 F.3d at 1134.

## B.   ATTORNEYS' FEES AND COSTS ASSOCIATED WITH REMOVAL

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, attorney's fees should not be awarded under § 1447(c) when the removing party has an objectively reasonable basis for removal. Conversely, where no objectively reasonable basis exists, fees should be awarded." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 132 (2005). In determining whether removal was reasonable and whether fees should be awarded, the Court balances "Congress' desire to deter removals intended to prolong litigation and impose

7

costs on the opposing party . . . and Congress' basic decision to afford defendants a right to remove as a general matter. . . ." *Id.* at 133.

For the foregoing reasons, the Court finds that no objectively reasonable basis for removal exists in this case. As previously discussed, Respondent's jurisdictional arguments are baseless, and removal merely served to delay the litigation of this divorce proceeding in state court. Additionally, even if this Court had subject matter jurisdiction, the issue identified by Respondent would not be ripe for review because it necessarily "involves uncertain or contingent future events that may not occur as anticipated, or indeed may not occur at all." *New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1499 (10th Cir. 1995) (quoting 13A Wright, Miller & Cooper, *Federal Practice & Procedure*, § 3532 at 112)). Respondent's anticipated harm is purely speculative, as he believes that he **may** be subject to incarceration and/or other purportedly unjust punishment by the state trial court during future contempt proceedings. As such, the Court finds that Petitioner is entitled to reasonable attorneys' fees and costs incurred as a result of the removal because no objectively reasonable basis for removal exists.

### IV.   CONCLUSION

For the foregoing reasons, it is ORDERED as follows:

- Petitioner Barbara Jo Edwards' Motion to Remand and for Award of Fees and Costs Pursuant to 28 U.S.C. § 1447(c), and Request for Expedited or Forthwith Relief (Doc. # 6) is GRANTED;

- this case is hereby REMANDED to the Jefferson County District Court;

- Petitioner is entitled to reasonable attorneys' fees and costs incurred as a result of removal of this action under 28 U.S.C. § 1447(c). Petitioner must file a separate Motion for Attorneys' Fees and Costs within 30 days of entry of this Order in accordance with Fed. R. Civ. P. 54;
- Respondent's Motion for Leave to File Amended Notice of Removal (Doc. # 18) is DENIED because the jurisdictional issues identified herein are unresolvable and, thus, amendment of the Notice of Removal would be futile;
- the Court retains jurisdiction for the sole purpose of determining the reasonableness of Petitioner's request for attorneys' fees.

DATED: November 3, 2020

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge