IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 20-cv-02843-CMA-SKC

BARBARA JO EDWARDS,

      Petitioner,

v.

MARK EDWARDS,

      Respondent.

**ORDER GRANTING PETITIONER'S MOTION FOR ATTORNEYS' FEES AND COSTS PURSUANT TO FED. R. CIV. P. 54(d)(2)**

This matter is before the Court on Petitioner's Motion for Attorneys' Fees and Costs Pursuant to Fed. R. Civ. P. 54(d)(2) ("Motion"). (Doc. # 29.) Therein, Petitioner requests an amended award of $8,668.00 in attorneys' fees and costs pursuant to Fed. R. Civ. P. 54(d)(2), 28 U.S.C. §1447(c), and this Court's November 3, 2020 Order Granting Petitioner's Motion to Remand (Doc. # 27). For the following reasons, the Motion is granted.

## I.    BACKGROUND

In the Court's November 3, 2020 Order Granting Petitioner's Motion to Remand (Doc. # 27), this Court concluded that Petitioner is entitled to reasonable attorneys' fees and costs incurred as a result of Respondent's removal of this action under 28 U.S.C. § 1447(c) because no objectively reasonable basis for removal exists in this case. In so

concluding, the Court found that Respondent's jurisdictional arguments were baseless, that removal merely served to delay the litigation of this divorce proceeding in state court, and that the issue identified by Respondent would not be ripe for review even if the Court were to have subject matter jurisdiction. (*Id.* at 7–8.) The Court remanded this case to the Jefferson County District Court and retained jurisdiction for the sole purpose of determining the reasonableness of Petitioner's request for attorneys' fees.

On December 2, 2020, Petitioner filed the instant Motion (Doc. # 29), as well as a Motion for Attorneys' Fees and Costs Pursuant to Fed. R. Civ. P. 11 and 54(d)(2) ("Rule 11 Motion") (Doc. # 30). Respondent has not filed a response to the instant Motion. Respondent's Prior Counsel, Brian R. Luther, filed a response in opposition to the Rule 11 Motion. (Doc. # 32.) Petitioner subsequently withdrew her Rule 11 Motion and reduced the attorneys' fee award requested in the instant Motion by $2,040.00 to remove the hours expended on the withdrawn motion from the fee request. (Doc. # 35.) Therefore, Petitioner now seeks an adjusted award of $8,668.00 in attorneys' fees and costs.

## II.     LEGAL STANDARDS

It is within the court's discretion to determine the reasonableness of a fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). To determine a reasonable fee award, the Court must conduct a lodestar calculation as set forth by the Supreme Court in *Hensley*. *See Anchondo v. Anderson, Crenshaw & Assocs., LLC*, 616 F.3d 1098, 1102 (10th Cir. 2010).

A lodestar calculation involves multiplying the number of hours an attorney

expended to resolve an issue or perform a task by a reasonable hourly billing rate. *Hensley*, 461 U.S. at 433. To determine the number of hours expended, the Court reviews counsel's billing entries to ensure that counsel exercised proper billing judgment. *Case v. Unified Sch. Dist. No. 233, Johnson Cty., Kan.*, 157 F.3d 1243, 1250 (10th Cir. 1998). "The fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Id.* at 1249 (internal citations omitted).

### III.    ANALYSIS

Having determined that an award of fees and costs is appropriate under 28 U.S.C. §1447(c), the Court begins the determination of a reasonable fee by calculating the lodestar. *Hensley*, 461 U.S. at 433; *Anchondo*, 616 F.3d at 1102.

The first step in calculating the lodestar is the determination of the number of hours reasonably spent by counsel. *Case,* 157 F.3d at 1250. Upon review of the Affidavit of Matthew Y. Biscan (Doc. # 29-1), as well as the contemporaneous time records submitted in support of the Motion (Doc. # 29-2), the Court finds that the number of hours expended by Petitioner's counsel is reasonable. Specifically, the Court finds that (1) the amount of time spent on particular tasks appears reasonable in light of the complexity of the case, the strategies pursued, and the responses necessitated by Respondent's maneuvering; (2) the amount of time spent is reasonable in relation to Petitioner's counsel's experience; and (3) the billing entries are sufficiently detailed, showing how much time was allotted to specific tasks. *Shaw v. AAA Engineering &*

*Drafting, Inc.*, 213 F.3d 538, 542 (10th Cir. 2000) (citing *Ramos v. Lamm*, 713 F.2d 546, 553–54 (10th Cir. 1983)).

Additionally, based on the time records submitted in support of the Motion, the Court finds that Petitioner exercised billing judgment in filing the Motion and that all hours requested were reasonably expended in the litigation. *See Ramos*, 713 F.2d at 553; *see also Hensley*, 461 U.S. at 434 ("Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary . . . ."). This is evidenced, in part, by Petitioner's reduction in the fee award sought by the number of hours expended on her subsequently withdrawn Rule 11 Motion. *See* (Doc. # 35 at 2).

Next, the Court finds that the billing rates requested are reasonable. Specifically, the Court finds that the hourly rate of $400 per hour for Attorney Biscan and $180 per hour for paralegal Ilene Epstein is consistent with evidence of what the market commands for federal litigation in the District of Colorado for lawyers of comparable skill, experience, and reputation. *See Barnett v. Bd. of Cty. Commissioners of Cty. of Montrose*, No. 14-CV-1765-JAP-GPG, 2015 WL 13614118, at *5 (D. Colo. Dec. 14, 2015) (collecting cases that "suggest that the prevailing rates in Denver . . . for experienced litigators approach $400 per hour in recent years"), *report and recommendation adopted,* 2015 WL 13614119 (D. Colo. Dec. 31, 2015); *Universal Drilling Co. v. Newpark Drilling Fluids, LLC*, No. 08-CV-02686-MSK-CBS, 2011 WL 715961, at *2 (D. Colo. Feb. 22, 2011) (noting Colorado Bar Association survey reported median billing rate of $400 per hour for partners in large firms).

Lastly, the Court finds that the $30.00 in costs Petitioner incurred by obtaining copies of pleadings and filings in the Colorado court system were necessarily incurred in pursuing remand and are compensable under 28 U.S.C. §1920(4). (Doc. # 29-3.)

## IV.     CONCLUSION

For the foregoing reasons, it is ORDERED as follows:

- Petitioner's Motion for Attorneys' Fees and Costs Pursuant to Fed. R. Civ. P. 54(d)(2) (Doc. # 29) is GRANTED;

- Petitioner's Motion for Attorneys' Fees and Costs Pursuant to Fed. R. Civ. P. 11 and 54(d)(2), and this Court's Order of November 3, 2020 (Doc. # 30) is hereby WITHDRAWN pursuant to Petitioner's Notice of Withdrawal (Doc. # 35);

- pursuant to Fed. R. Civ. P. 54, 28 U.S.C. §1447(c), and this Court's Order of November 3, 2020, Respondent is hereby ORDERED to pay Petitioner $8,668.00 in reasonable attorneys' fees and costs incurred as a result of Respondent's removal of this action;

- judgment shall enter in favor of Petitioner and against Respondent in the amount of $8,638.00 in attorneys' fees and $30.00 in costs for a total of $8,668.00.

DATED: January 14, 2021

> BY THE COURT:
>
> CHRISTINE M. ARGUELLO
> United States District Judge